UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE FOSTER,

     Petitioner,

                                                    CASE NO. 15-cv-10538

v.                                             HON. GERSHWIN A. DRAIN

MILLICENT WARREN,

     Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY [#7]**
**AND HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS**
**IN ABEYANCE [#8]**

## I.  INTRODUCTION

The present matter is a habeas corpus case filed by a Michigan prisoner incarcerated at the Huron Valley Women's Correctional Facility.  Petitioner filed the immediate petition for writ of habeas corpus on February 10, 2015.

After a jury trial in the Wayne County Circuit Court, Petitioner was convicted of racketeering, MICH. COMP. LAWS § 750.159i(1); conspiring to commit identity theft and to the illegal use of a financial transaction device, MICH. COMP. LAWS § 750.157a; four counts of larceny from a building, MICH. COMP. LAWS § 750.360; three counts of illegally using a financial transaction device, MICH. COMP. LAWS § 750.157q; and three counts of identity theft, MICH. COMP. LAWS § 445.65.

Her petition for writ of habeas corpus now raises the five following claims. That: (1) the trial court admitted unfairly prejudicial prior bad acts evidence; (2) the trial court erred in failing

to grant Petitioner's motions for a mistrial; (3) Petitioner was denied the effective assistance of counsel; (4) insufficient evidence was presented at trial to sustain Petitioner's convictions; and (5) trial counsel was ineffective for failing to move to quash the criminal charging document.

Presently before the Court is Petitioner's motion to stay the petition for writ of habeas corpus, filed on March 16, 2015. Doc. No. 7. She asserts that she has discovered new claims concerning the prosecution's suppression of evidence and other misconduct. In addition, she wishes to exhaust her state court remedies with respect to her new claims before proceeding on federal habeas review. Doc. No. 8. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion.

## II. BACKGROUND

Following her conviction in Wayne County Circuit Court, Petitioner filed an appeal of right in the Michigan Court of Appeals. Petitioner raises what now forms her five habeas claims and the basis of her appeal. The state appellate court affirmed her conviction. *People v. Foster*, No. 309365 (Mich. Ct. App. Nov. 14, 2013). Petitioner then sought leave to appeal in the Michigan Supreme Court. Her application was subsequently denied. *People v. Foster*, No. 148487 (Mich. Apr. 28, 2014). Petitioner filed the instant petition on February 10, 2015.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a state prisoner who seeks federal habeas relief to exhaust available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The exhaustion requirement thus mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved." *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed for exhaustion before a federal court may review any claim on the merits. *Id.*

In addition to the exhaustion requirement, the AEDPA imposes a one-year statute of limitations period for the filing of a federal habeas corpus petition. *Pace v. DiGuglielmo*, 544 U.S. 409, 410 (2005).   The limitations period begins to run from the latest of the date "on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.'" 28 U.S.C. § 2244(d).   The limitations period is tolled, however, if a "properly filed" application for state post-conviction or other collateral review of the judgment is pending. 28 U.S.C. § 2244(d)(2).

While not the central question in the present matter, whether an application for state-conviction review has been "properly filed" has engendered some legal scrutiny.  In *Pace*, the Supreme Court held that failure to file a habeas petition pursuant to a time requirement, such as the statute of limitations, constitutes an "improperly filed" habeas petition.  *Pace*, 544 U.S. at 417.

The Court suggested, however, that "[a] prisoner seeking state post[-]conviction relief might avoid [a timing] predicament … by filing a 'protective' petition in federal court[.]" *Id.* at 416.  The habeas petitioner should further "ask[] the court to stay and abey the federal habeas proceedings until states remedies are exhausted." *Id.* (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

The Court explained that, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause[.]" *Id.* (internal quotation marks omitted).  In addition to showing good cause, the petitioner's unexhausted claims must also be

"potentially meritorious" and without any indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 416-17. "It would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition" if these factors are fulfilled. *See Rhines*, 544 U.S. at 278.

Here, Petitioner has filed a motion to stay and abey the federal habeas proceedings. Based on the requirements provided above, the Court will grant Petitioner's motions. Petitioner has five unexhausted claims pending, none of which appear to be "plainly meritless." *Id.* at 270. Petitioner's motion to stay the case alleges facts that state a claim and appear to be cognizable on habeas review.

In addition, it does not appear that Petitioner engaged in any "intentionally dilatory tactics." *Pace*, 544 U.S. at 416-17. Petitioner has otherwise properly filed a habeas petition. Because of concerns posed by the statute of limitations, the Court will therefore stay the petition pending exhaustion of her new claims.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting her state court remedies, this Court will impose upon Petitioner time limits within which she must proceed with her state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Tolling will be conditioned upon Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within **sixty (60) days** of this Order. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002) (emphasis added). In addition, Petitioner must pursue a timely appeal in the state courts if the motion is denied. *Id.* Petitioner

must then return to federal court within **sixty (60) days** of completing the exhaustion of his state court post-conviction remedies.  *Id.*  (emphasis added).

## IV.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of Petitioner's state application for post-conviction review. Tolling will be conditioned upon Petitioner re-filing her habeas petition–using the case number already assigned to this case–within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Sitto v. Bock*, 207 F.Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

/s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE

Dated:  April 29, 2015